| STATE OF ILLINOIS | ) |
| --- | --- |
|  | ) SS |
| COUNTY OF COOK | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor,
    Plaintiffs

v.

BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT #153,
    Defendant

No. 07CH37098

## MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME the Plaintiffs, SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, by and through their attorneys, Whitted, Cleary & Takiff, LLC, and respectfully request that this Court grant a Motion for Temporary Restraining Order and in support thereof state as follows:

### FACTS

1. The controversy underlying Plaintiffs' Complaint for Declaratory and Injunctive Relief (*hereinafter* "Complaint") arose when Defendant, Board of Education of Homewood School District #153 (*hereinafter* "District 153"), disenrolled and refused to reenroll a first grade student, Sebastian F., in its elementary school, the Willow School, because of its incorrect interpretation of his residency status. *See* ¶¶ 8-46 of the Complaint.

2. As a result of the Defendant's decision to disenroll Sebastian F., he has not attended school and has not received any educational instruction since December 11, 2007. *See* ¶ 45 of the Complaint.

3.      District 153's Superintendent has threatened to have Sebastian F., a six year old child, "forcibly removed" from the premises of District 153 by the Homewood Police Department should he present himself at Willow School. *See* ¶ 46 of the Complaint.

4.      Currently, Sebastian F. is not receiving, and cannot receive, an education from any Illinois public school as he is not a resident of any other school district but District 153. *See* ¶¶ 43-46 of the Complaint.

## ARGUMENT

5.      A temporary restraining order (*hereinafter* "TRO") is an emergency remedy designed to maintain the status quo until a hearing can be held on the merits. *Abdulhafedh v. Secretary of State,* 161 Ill. App.3d 413, at 416, 514 N.E.2d 563, at 564 (2nd Dist. 1987) Specifically, the purpose of a TRO is to preserve the status quo pending a hearing on a preliminary injunction. *Id.* The status quo is the "last, actual, peaceable, uncontested status which preceded the controversy." *In re Marriage of Weber,* 182 Ill. App.3d 212, at 218, 537 N.E.2d 1024, at 1028 (1st Dist. 1989) No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. 736 ILCS 5/11-101

6.      A party seeking a TRO or a preliminary injunction need not make out a case that would entitle it to relief on the merits. *Buzz Barton & Associates, Inc., v. Giannone,* 108 Ill.2d 373, at 383, 483 N.E.2d 1271, at 1275 (1985) The party seeking relief need only raise a "fair question" whether the right at issue exists. *Id.* To obtain a TRO, a plaintiff must summarily show that a TRO is necessary to prevent immediate and irreparable harm

and that there was no adequate remedy at law. *Stanton v. City of Chicago,* 177 Ill. App.3d 519, at 523, 532 N.E.2d 464, at 467 (1st Dist. 1988) Whether the circuit court's order is considered to be a temporary restraining order issued with notice or preliminary injunction it amounts to the same type of relief and requires the same elements of proof. *Houseknecht v. Zagel,* 112 Ill. App.3d 284, at 291, 445 N.E.2d 402, at 407 (1st Dist. 1983) The party seeking relief must establish that it has a protectable right, that it will suffer irreparable injury if injunctive relief is not granted, that its remedy at law is inadequate, and that there is a likelihood that it will succeed on the merits. *Id. at 292, 407*

7.   In this matter, the status quo, or last, actual, peaceable uncontested status which preceded the controversy, for Plaintiffs, Sean F. and Jennifer F., is Sebastian F.'s attendance in his first grade class at Willow School in District 153.

8.   Sebastian F. clearly has a protectable interest. He is a six year old boy who is in the first grade at the Willow School in District 153. He would suffer significant psychological and educational harm if he continues to be denied access to the public school system of the State of Illinois. Sebastian F. has been and continues to be a resident of District 153. Sebastian F. has not been permitted to attend school in District 153 since December 11, 2007. He is not a resident of Beecher School District 200-U because his father's residence is not the primary residence of Sebastian F. Beecher School District 200-U has informed Sean F. that it will not enroll Sebastian F. as a student, as he is not a resident. He is not a resident of Harvey School District 152 because his maternal grandmother's residence is not the primary residence of Sebastian F.

9.   District 153 is clearly not within its right to refuse admission to Sebastian F.

10. Plaintiffs, Sean F. and Jennifer F., are likely to succeed on the merits of their claim because Sebastian F. is a *bona fide* resident of District 153 and not of any other school district within the State of Illinois.

11. Plaintiffs, Sean F. and Jennifer F., do not have an adequate remedy at law because the remedy they seek is the return of Sebastian F. to his first grade class at Willow School in District 153 and his reenrollment as a *bona fide* resident and student.

12. The harm to Plaintiffs, Sean F. and Jennifer F., and to Sebastian F. if the TRO is denied outweighs the harm to Defendant, District 153, if the TRO is granted because Sebastian F. will remain at home and will not be receiving any education, in violation of the laws of Illinois and the Illinois Constitution, which guarantees the right to a free education for all persons, while District 153 will suffer minimal, or no, harm.

13. The interest of the public favors Plaintiffs, Sean F. and Jennifer F., because it is in the public interest to resolve the issues in this litigation in an orderly fashion without disrupting the education of the students in District 153, including Sebastian F., and without causing a violation of any other Illinois statute or the Illinois Constitution.

**WHEREFORE**, Plaintiffs, SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, respectfully request this Court enter an Emergency Order restraining the Board of Education of Homewood School District #153 from prohibiting Sebastian F. from attending first grade at Willow School.

Respectfully submitted,

By: _____
Jennifer L. Hansen
Attorney for Sean F. and Jennifer F.

Jennifer L. Hansen
Attorney No. 6271638
Neal E. Takiff
Attorney No. 6256990
Whitted, Cleary & Takiff, LLC
Firm No. 38069
3000 Dundee Road, Suite 303
Northbrook, Illinois 60062
Phone: 847-564-8662
Fax: 847-564-8419
jhansen@wct-law.com
ntakiff@wct-law.com
N:\Clients\Fortson\Pleadings\Emergency Temporary Restraining Order.doc