STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SEAN F. and JENNIFER F., individually and as    )
next friends of SEBASTIAN F., a minor,          )
        Plaintiffs                              )
                                                )
        v.                                      )    No.
                                                )
BOARD OF EDUCATION OF HOMEWOOD                  )
SCHOOL DISTRICT #153,                           )
        Defendant.                              )

07CH37098

### MOTION FOR PRELIMINARY INJUNCTION

NOW COME the Plaintiffs, SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, by and through their attorneys, Whitted, Cleary & Takiff, LLC, and respectfully request that this Court grant their Motion for Preliminary Injunction and in support thereof state as follows:

*PARTIES*

1. Plaintiffs, Sean F. and Jennifer F., are the biological parents of Sebastian F. Jennifer F. and Sebastian F. currently reside at 1355 187th Street, Homewood, Cook County, Illinois, with Jennifer F.'s grandmother, Elene Bobele. Sean F., the non-residential father, resides at 317 Stonington Avenue, Beecher, Will County, Illinois 60401.

2. Defendant, the Board of Education of Homewood School District #153 (*hereinafter* "District 153" or "Board of Education"), Cook County, Illinois is a body politic and corporate, a public school district organized and operated pursuant to the Illinois School Code, 105 ILCS 5/10-1 *et. seq.*

1

3.  District 153's Board of Education consists of seven members elected by the voters residing in District 153. 105 ILCS 5/10-4.  All of its members are required to support the Constitution of the United States and the Constitution of the State of Illinois and to faithfully discharge the duties of their office.  Illinois Constitution, Article XIII, § 3.

4.  District 153 operates four schools, Willow School, Churchill School, Millennium School, and James Hart School, and serves students from pre-kindergarten through eighth grade.  The administrative offices of District 153 are located at 18205 Aberdeen Street, Homewood, Cook County, Illinois 60430.

5.  District 153 may be sued in all courts and places where judicial proceedings are had pursuant to the Illinois School Code, 105 ILCS 5/10-2.

*FACTS*

6.  Sebastian F. is six years old and was born on July 5, 2001.

7.  Sean F. and Jennifer F. are amicably divorced and live apart.  The Judgment of Dissolution of Marriage was finalized on March 15, 2005.

8.  Jennifer F. and Sean F. have joint custody of Sebastian F. and, per the Judgment of Dissolution of Marriage, the primary residence for Sebastian F. is with Jennifer F.

9.  Jennifer F. is a pediatric and neonatal transport nurse employed at Advocate Christ Medical Center located at 4440 West 95th Street, Oak Lawn, Illinois 60453.  She is a Registered Nurse and specializes in neonatal intensive care for premature and extremely ill infants.  In order to be a pediatric and neonatal transport nurse she is required to have three years of intensive care pediatric experience and undergo a number of certifications.

10. Jennifer F.'s job duties as a pediatric and neonatal transport nurse include going to outlying hospitals via ambulance or helicopter to pick up patients being transferred to

Advocate Christ Medical Center for care. Jennifer F. stabilizes the infant at the transferring facility, provides stabilization and care during transport, and transfers care upon arrival to Advocate Christ Medical Center.

11. Jennifer F. is one of three pediatric and neonatal transport nurses who work a twelve hour night shift at Advocate Christ Medical Center. These three nurses divide up the week as follows: one nurse works two nights, a second nurse works two nights, and the third nurse works three nights.

12. As of November 2007, two of the day shift pediatric and neonatal transport nurses have been unable to work. One nurse broke her hand on the job and is on workman's compensation. She has not been cleared to return. The other nurse is currently on maternity leave and is due to return in approximately two months. As a result, the three pediatric and neonatal transport night shift nurses are absorbing these day shifts in addition to their night shifts.

13. As such, Jennifer F. is scheduled for three or four twelve hour shifts per week. She is required to work one weekend each month. Jennifer F.'s shifts are rotating and do not fall on the same nights each week and the shifts vary week to week. In addition, Jennifer F. could be called in to work an unscheduled shift if she is needed.

14. Jennifer F. and Sebastian F. currently reside at 1355 187th Street, Homewood, Cook County, Illinois, with Jennifer F.'s grandmother, Elene Bobele.

15. Jennifer F. and Sebastian F. have resided at that location since August of 2007.

16. Elene Bobele has resided at that residence for 40 plus years.

17. Jennifer F.'s address falls within the district boundaries of Defendant, Board of Education of Homewood School District #153.

18.     Sean F. is the non-residential parent of Sebastian F.

19.     Sean F. is employed full-time as a firefighter and paramedic. He has been so employed since 2003.

20.     Sean F. works seven days a week at the fire department on a rotating shift basis. Meaning, Sean F. works a twenty-four (24) hour shift and has the next forty-eight (48) hours off. This pattern repeats throughout the week.

21.     In the case of an emergency or an out-of-control fire, Sean F. could be called in to work on an as needed basis.

22.     Sean F. resides at 317 Stonington Avenue, Beecher, Will County, Illinois 60401.

23.     Sean F.'s address falls within the district boundaries of Beecher School District 200-U located at 538 Miller Street, Beecher, Will County, Illinois 60401.

24.     On the nights that Jennifer F. works at Advocate Christ Medical Center, either Sean F. or Jennifer F.'s mother, Karan Thomas, care for Sebastian F. Who will care for Sebastian F. depends on Sean F.'s employment schedule at the fire department. For example, if Jennifer F. works three night shifts, Sebastian could spend two nights with Sean F. at his residence and one night with Karan Thomas at her residence or vice versa. The same is true if Jennifer F. works four night shifts.

25.     Sebastian F. does not normally spend more than two nights per week with Sean F. because of Jennifer F.'s work schedule.

26.     Sebastian F. does not normally spend more than two nights per week with Karan Thomas because of Jennifer F.'s work schedule.

27.     Despite Jennifer F.'s rotating work schedule, Sebastian F. spends the majority of his nights with his mother at the 1355 187th Street, Homewood, Cook County, Illinois,

address as compared to the amount of nights he spends with his father or his maternal grandmother.

28. Karan Thomas resides at 14930 Parkside, Harvey, Cook County, Illinois 60426.

29. Karan Thomas' address falls within the district boundaries of Harvey School District 152 which is located at 16001 South Lincoln Avenue, Harvey, Cook County, Illinois 60426.

30. Sebastian F. is a *bona fide* resident of District 153, the district of residence of his residential parent.

31. Sebastian F. has been a first grade student at Willow School since the beginning of the 2007-2008 school year. Jennifer F. enrolled Sebastian F. in the summer of 2007 and provided her residential address as 1355 187th Street, Homewood, Cook County, Illinois, 60430.

32. On November 5, 2007, District 153 sent Sean F. a Notice of Disenrollment letter regarding Sebastian F.

33. Sean F. and Jennifer F. challenged the Notice of Disenrollment and on November 15, 2007, a "residency hearing" for Sebastian F. took place at the District 153 Administration Center.

34. Mr. Joel DeTella Esq. of Hauser, Izzo, DeTella & Petrarca, LLC, was unilaterally appointed as the Hearing Officer by District 153's Board of Education to review the residency status of Sebastian F.

35. Mr. Joel DeTella did, in fact, act in the capacity of hearing officer during the residency hearing.

36. On November 19, 2007, Mr. Joel DeTella sent a copy of his Report to Jennifer F. at her 1355 187th Street, Homewood, Illinois, address. In the Report, Mr. Joel DeTella found that Sebastian F. is not a legal resident of District 153 because he is outside of District 153 boundaries 3 to 4 days per week and, thus, does not spend the majority of the week at Jennifer F.'s home in Homewood.

37. Jennifer F. did not receive this copy of the Hearing Officer's Report via U.S. Mail until Monday, November 26, 2007.

38. According to the Hearing Officer's Report, and pursuant to 105 ILCS 5/10-20.12b(c), Sean F. and/or Jennifer F. had five days upon receipt of the findings of the hearing officer to file written objections to the findings with the School Board by sending the objections to the Superintendent of District 153.

39. On November 26, 2007, Sean F. contacted the Superintendent of District 153, Dale E. Mitchell, to discuss his objections to the Hearing Officer's Report. Furthermore, Sean F. requested the residency matter regarding Sebastian F. be placed on the agenda for a school board meeting. Superintendent Mitchell informed Sean F. that he should send a letter to the attention of Superintendent Mitchell and stated that the residency matter would not be addressed at the November 26, 2007 District 153 Board of Education meeting. Further, Superintendent Mitchell stated that the Sebastian F. residency matter would be heard at the December 10, 2007 District 153 Board of Education meeting.

40. On November 26, 2007, pursuant to his discussion with Superintendent Mitchell, Sean F. sent a letter addressed to Superintendent Mitchell requesting the residency matter of Sebastian F. be placed on the Board of Education's agenda.

41.     On December 10, 2007, the Board of Education, in closed session, discussed the residency matter of Sebastian F. and concluded that Sebastian F. is not a resident of District 153.

42.     In mid-November of 2007, Sean F. contacted the administrative office of Beecher School District 200-U, spoke with an administrator, described the residency scenario of Sebastian F., and was informed that Sebastian F. could not be enrolled in Beecher School District 200-U as he is not a resident.

43.     Sebastian F. has not been permitted to attend first grade at the Willow School located within District 153's boundaries since Tuesday, December 11, 2007.

44.     If Sebastian F. attempts to return to his first grade class at the Willow School, Superintendent Mitchell of District 153 has indicated that he will have Sebastian F. forcibly removed from the premises by the Homewood Police Department.

*ARGUMENT*

45.     A preliminary injunction is an extraordinary remedy which is applicable only to situations where an extreme emergency exists and serious harm would result in the absence of an injunction. *Buzz Barton & Associates, Inc. v. Giannone,* 108 Ill.2d 373, at 386-87, 91 Ill.Dec. 636, 483 N.E.2d 1271, at 1277 (1985)  The purpose of a preliminary injunction is not to determine controverted rights or to decide controverted facts or the merits of the case. *Id.*  The purpose is to preserve that status quo pending a decision on the merits; therefore, a plaintiff does not carry the same burden of proof that is required to prevail on the ultimate issue. *Id. See also, Delta Medical Systems v. Mid-America Medical Systems, Inc.,* 331 Ill. App.3d 777, at 788, 265 Ill.Dec. 397, 772 N.E.2d 768, at 779 (1st Dist. 2002)

46. A party seeking a preliminary injunction must demonstrate: 1) a clearly ascertainable right that needs protection; b) a likelihood of irreparable harm absent an injunction; c) no adequate remedy at law; and d) a likelihood of success on the merits. *In re the Marriage of Weber,* 182 Ill. App.3d 212, at 218, 537 N.E.2d 1024, at 1028 (Ill. App. 1st Dist. 1989)  In addition, the trial court must then conclude that the balance of hardships to the parties supports the injunctive relief requested. *Delta Medical Systems v. Mid-America Medical Systems, Inc.,* 331 Ill. App.3d 777, at 788, 772 N.E.2d 768, at 779 (1st Dist. 2002)

47. To show a clear and ascertainable right, a plaintiff must raise a fair question that it has a substantive interest recognized by statute or common law. *Id.*

48. Sebastian F. has a right to an education.  In fact, the State of Illinois requires Jennifer F., as the person having custody or control of Sebastian F., to cause him to attend the public school in the district wherein she resides when it is in session during the regular school term as Sebastian F. is under the age of seven and is enrolled in grade 1. 105 ILCS 5/26-2(a)  Furthermore, a fundamental goal of the People of the State of Illinois is the educational development of all persons to the limits of their capacities. Ill. Constit. Article X, Section 1.

49. Sebastian F. is a six year old boy who is in the first grade at Willow School in District 153.  Plaintiffs, Sean F. and Jennifer F., and their son, Sebastian F., will suffer significant psychological and educational harm if the provision of educational services by District 153 to Sebastian F. is stopped or is in any way interrupted.

50. Defendant, District 153, is clearly not within its rights to deny admission to Sebastian F. as he is a *bona fide* resident of Homewood, Illinois and, thus, is entitled to enroll in District 153.

51. Plaintiffs, Sean F. and Jennifer F., are clearly within their rights to have Sebastian F. attend first grade at Willow School in District 153.

52. District 153's Superintendent, Dale E. Mitchell, has threatened to have Sebastian F. forcibly removed from the premises of the Willow School by the Homewood Police Department should Sebastian F. present himself as a *bona fide* resident and student. If carried out, this would cause further irreparable harm to this six year old boy.

53. Plaintiffs, Sean F. and Jennifer F., are likely to succeed on the merits of their claim because Sebastian F. is a *bona fide* resident of District 153 and is not a resident of any other public school district within the State of Illinois.

54. Plaintiffs, Sean F. and Jennifer F., do not have an adequate remedy at law because the remedy they seek is the return of Sebastian F. to his first grade class at Willow School in District 153 and his reenrollment as a *bona fide* full-time student and resident.

55. The harm to Plaintiffs, Sean F. and Jennifer F., and to Sebastian F. if the preliminary injunction is denied outweighs the harm to Defendant, District 153, if the preliminary injunction is granted because Sebastian F. will remain at home and will not be receiving any education, in violation of the laws and Constitution of the State of Illinois, while District 153 will suffer minimal, or no, harm.

56. The interest of the public favors the Plaintiffs, Sean F. and Jennifer F., because it is in the public interest to resolve the issues in this litigation in an orderly fashion without disrupting the education of the students in District 153, including Sebastian F., and

without causing a violation of any other Illinois statutes or the Constitution of the State of Illinois.

**WHEREFORE**, Plaintiffs, SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, respectfully request the Court enter judgment in favor of Plaintiffs and against Defendant, BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT #153, and give the following relief:

A. An Order directing the Board of Education of Homewood School District #153 to immediately reinstate Sebastian F. as a student of District 153;

B. An Order prohibiting the Homewood School District #153 from calling the Homewood Police Department to have Sebastian F. removed from the premises of District 153;

C. An award of reasonable costs and attorneys' fees in connection with this action;

D. All such other and further relief as the Court may deem proper and just.

Respectfully submitted,

By: _____
Jennifer L. Hansen
Whitted, Cleary & Takiff, LLC
Attorney for Sean F. and Jennifer F.

Jennifer L. Hansen
Attorney No. 6271638
Neal E. Takiff
Attorney No. 6256990
Whitted, Cleary & Takiff, LLC
Firm No. 38069
3000 Dundee Road, Suite 303
Northbrook, Illinois 60062
Phone: 847-564-8662
Fax: 847-564-8419
jhansen@wct-law.com
natkiff@wct-law.com
N:\Clients\Fortson\Pleadings\Motion for Preliminary Injunction.doc