JUDGE NORGLE
MAGISTRATE JUDGE DENLOW

08 C 252

(iii)   <u>Additional Parenting Time</u>: The Father may have additional parenting time with SEBASTIAN as agreed by the parties at least forty-eight (48) hours prior to such additional time, and provided that such additional time does not interfere with any previously scheduled activities for which absence will create problems or delays for the child.

(iv)   <u>Holidays and Special Days</u>: The Father shall also have parenting time with SEBASTIAN for holidays and special days as follows (from 10:00 a.m. until 8:00 p.m., if for one (1) day):

| **EVEN YEAR- FATHER**<br>**ODD YEAR- MOTHER** | **ODD YEAR- FATHER**<br>**EVEN YEAR- MOTHER** |
|---|---|
| Memorial Day | Good Friday |
| Easter (8:00a.m. - 6:00p.m.) | Independence Day |
| Labor Day | Halloween (3:30 p.m. - 7:30 p.m.) |
| Thanksgiving Day | Thanksgiving Weekend (Friday morning - Sunday evening) |
| Christmas Eve- until age 5 (10:00 a.m. on December 24 - 10:00 a.m. on December 25) | Christmas Day- until age 5 (10:00 a.m. on December 25 - 10:00 a.m. on December 26) |
| Winter Break (1st half) (At/after age 5) - from the day after school ends at 10:00 AM through Christmas Day at 10:00 A.M. | Winter Break (2nd half) (At/after age 5)- 10:00 A.M. on December 25 until 8:00 P.M. on the second day prior to the day school recommences (to include New Year's Eve/Day holiday) |

(v)   <u>Child's Birthday</u>: If SEBASTIAN's birthday falls in an odd-numbered year, the Father has parenting time as follows: a) if Father is working on the birthday, parenting time occurs from 5:00 p.m.- 8:00 p.m, and b) if Father is not working on the birthday, parenting time occurs from 10:00 a.m.- 8:00 p.m. Mother shall have birthday parenting time from 10:00 a.m. - 8:00 p.m. on the child's birthday in even-numbered years if it would otherwise be the Father's parenting time.

(vi)   <u>Mother's/Father's Day</u>: The Mother shall have the child on Mother's Day of each year. If Mother's Day falls during the Father's regularly scheduled

4

custody of SEBASTIAN, then the Father shall return SEBASTIAN to the Mother on Saturday at 6:00 p.m. or on Sunday at 10:30 a.m. (as agreed upon by the parties at least seven (7) days prior to Mother's Day each year) to allow the Mother to visit with SEBASTIAN on this special day. Likewise, the Father shall have the child on Father's Day of each year. If Father's Day falls during the Mother's regularly scheduled custody of SEBASTIAN, then the Father shall pick up SEBASTIAN from the Mother on Saturday at 6:00 p.m. or on Sunday at 10:30 a.m. (as agreed upon by the parties at least seven (7) days prior to Father's Day each year) to allow the Father to visit with SEBASTIAN on this special day.

(vii)    <u>Spring Break</u>: Once the child reaches age five (5), the parties shall equally divide SEBASTIAN's Spring Break so that each spends approximately one-half (½) of this break with the child. However, upon agreement of the parties at least one (1) month prior to said break, a parent may take the child on vacation outside of the Chicagoland area for the entire Spring Break, on the condition that the next year's Spring Break is spent with the other parent rather than equally divided.

(viii)   <u>Summer Vacation Parenting Time</u>: Until the year in which SEBASTIAN attains the age of six (6) years old, each parent shall be entitled to two (2) non-consecutive weeks of vacation parenting time with SEBASTIAN each summer. In odd-numbered years, the Father shall choose his vacation parenting time dates and shall provide same to the Mother by April 1 each year and the Mother shall inform the Father of her vacation time by May 1. In even-numbered years, the Father shall choose his vacation parenting time dates and shall provide same to the Mother by May 1 each year and the Mother shall inform the Father of her vacation time by April 1. From the year in which SEBASTIAN reaches age six (6) and thereafter, the parties shall equally divide the summer vacation time with SEBASTIAN, with the child spending alternating two (2) week periods with each parent, or such other time as is agreed by the parties by May 1 of that year.

(ix)     <u>Precedence of Parenting Times</u>:   Holiday parenting time shall take precedence over birthday, vacation and regular parenting time, birthday parenting time takes precedence over vacation parenting time and vacation parenting time takes precedence over the regular custody schedule .

(x)      <u>Make-Up Parenting time</u>:   In the event that the parenting time with SEBASTIAN must be canceled or rescheduled due to weather or illness, or if the Father is scheduled to work on a weekend during which he would otherwise have the child, the parties shall use their best efforts to mutually agree on alternate parenting time for the party so canceling, to occur within

5

thirty (30) days, in light of the commitments, activities and schedules of the parents and child. The parties acknowledge that alternate parenting time is preferred, but is not mandatory. Any changes to the schedule shall also be by the mutual agreement of the parties at least seven (7) days prior to parenting time, taking into consideration the child's school, extracurricular and social activities.

(xi)    <u>Telephone Contact with SEBASTIAN</u>: In regards to telephone access, the Father shall have the right to contact SEBASTIAN by telephone daily while SEBASTIAN is with the Mother. The Mother shall have the right to telephone SEBASTIAN daily while SEBASTIAN is with the Father; however, said calls shall not create an undue burden for either the parties or SEBASTIAN. Once SEBASTIAN reaches age six (6), the child shall also be permitted to initiate telephone calls with the absent parent at reasonable times. If SEBASTIAN is unavailable to speak with the absent parent when he/she calls, then the parent then in possession of the child shall ensure that SEBASTIAN returns the absent parent's telephone call within three (3) hours or as soon as possible thereafter.

(xii)   <u>Vacations Outside of Illinois</u>: Regarding vacation travel, the parties shall each have the right to travel with SEBASTIAN for vacation purposes outside the State of Illinois. In such event, the party traveling with the child shall advise the other party of the relevant dates, locations and telephone numbers of the child's accommodations during said vacation. He/she shall also provide the pertinent ticket information, such as flight or trip number, times of travel at beginning and end of any such trips and the destination of travel. However, the child may travel outside of the United States only upon written agreement of the parties.

(xiii)  <u>Right of First Refusal for Care giving</u>: If a party will be unable to care for the child for a period longer than six (6) hours during his/her parenting time, absent day care time or employment time, then he/she shall give the other party the right of first refusal regarding keeping SEBASTIAN during the time when he is unavailable unless other arrangements are mutually agreed upon by the parties prior to said parenting time. If the other party is unavailable, then the parent shall attempt to have a relative care for SEBASTIAN during the time he/she is unavailable, if possible.

(xiv)   <u>Transportation by the Father</u>: Unless otherwise mutually agreed upon for a specific parenting time, the Father shall be responsible for transportation of the child to/from the Mother's residence or other agreed upon location for parenting time drop-off. Both parties agrees to properly transport the child in a car seat/ rear seat, if such is/are necessary

6

(xv)   Safety of the Child: While the child is in his/her possession, each parent shall assure that the child is not placed in a dangerous or unsafe situation. Further, he/she shall supervise any play with other children to assure that SEBASTIAN remains unharmed. He/she shall not drive with the child as a passenger after consuming alcohol, nor shall he/she drink more than one (1) alcoholic beverage in the presence of the child during any two (2) hour period. If the child incurs any injury which requires professional medical attention while in a party's possession, he/she shall inform the other party of such injury and how the injury was incurred when he/she next sees the other party.

(xvi)   Duty to Advise of Addresses and Telephone Numbers: Each party shall keep the other informed of his or her residence address, home or cellular telephone number, place of employment, business address, and work telephone number. In the event either party travels out of town for an extended period of time (i.e. more than 2 days), said party shall provide the other with a telephone number where he or she may be reached in an emergency. Neither party shall contact the other's employer except in the case of a medical emergency with the child.

(xvii)   Marriage: In the event of the marriage of either party, the party so marrying shall have an affirmative obligation to make known to his or her spouse the terms and provisions of this Article and to request that the spouse comply with the intentions of the parties as set forth herein.

(xviii)   No Concealing of Child: Neither party shall conceal SEBASTIAN from the other.

I.   Dispute Resolution: The parties agree that in the event that they cannot agree on the major decisions affecting the health, education, religion and/or well-being of their minor child, they shall enter into mediation with a private mediator referred by the Mediation Council of Illinois in an attempt to resolve said dispute(s) prior to proceeding to hearing in a court of competent jurisdiction. The cost of mediation, if any, shall be divided equally by the parties, subject to reallocation by the court upon hearing of the issues in controversy.

J.     <u>Governing Law</u>:  This Agreement shall be construed and interpreted under the laws of the State of Illinois, without regard to the later domicile or residence of either party.


**II.     Review of Parenting Agreement:**

The parties agree to review the parenting time schedule contained herein above on an annual basis each April so as to continue to meet the needs of the child at different ages and development levels, taking into consideration the location of each party's residence, their work schedules and the activities of the child.  The parties shall modify the parenting time schedule in writing as needed.


APPROVED:


_____              _____
SEAN FORTSON,                                    JENNIFER FORTSON,
Petitioner/Father                                      Respondent/Mother



#39160
CYNTHIA L. PETERSEN
Attorney for Petitioner/Father
12757 S. Western Avenue, Suite 201
Blue Island, Illinois 60406
708-388-2250


8

ON MOTION OF THE ATTORNEY FOR THE PETITIONER, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

A.     The parties are awarded a Judgment for Dissolution of Marriage, and the bonds of matrimony existing between the Petitioner, SEAN FORTSON, and the Respondent, JENNIFER FORTSON, are hereby dissolved.

B.     The Marital Settlement Agreement and Joint Parenting Agreement entered into between the Petitioner and the Respondent on March 15, 2005, and hereinabove set forth in full, are made a part of this Judgment for Dissolution of Marriage and all of the provisions of said Agreements are expressly ratified, confirmed, approved and adopted as the orders of this Court to the same extent and with the same force and effect as if said provisions were in this paragraph set forth verbatim as the Judgment of this Court; each of the parties hereto shall perform under the terms of said Agreements.

C.     Each of the parties hereto will, promptly upon demand by the other party, execute and deliver to such other party any and all documents that may be necessary to effectuate and fulfill the terms of the Judgment.

D.     Any right, claim, demand or interest of the parties in and to maintenance for themselves, whether past, present or future and in and to the property of the other, whether real, personal or mixed, or whatever kind and nature, and wheresoever situated, including but not limited by homestead, succession and inheritance arising out of the marital relationship or any other relationship existing between the parties hereto, except as expressly set forth in the aforesaid Agreement, are forever barred and terminated.

E.     Pursuant to Section 5/502(f) of the Illinois Marriage and Dissolution of Marriage Act, the terms and provisions of this Judgment are not subject to modification except for those terms concerning the support, custody, parenting time or expenses of the child and except where the terms

of the Marital Settlement Agreement provide otherwise.

  F.  The Respondent is hereby granted the right to resume the use of her former name, "THOMAS", if she so chooses.

  G.  This Court shall have jurisdiction of this cause for the purpose of enforcing all the terms of this Judgment for Dissolution of Marriage, including all the terms of the written Marital Settlement Agreement and Joint Parenting Agreement made between the parties hereto as hereinabove set forth.


ENTER:

_____
JUDGE

3/15/05

#1740


PREPARED BY:

#39160
CYNTHIA L. PETERSEN
Attorney for Respondent
12757 S. Western Avenue, Suite 201
Blue Island, Illinois 60406
(708) 388-2250


iv

# 2007-2008
# REGISTRATION FORM

FOR OFFICE USE ONLY
☐ Waiver Submitted
☐ Waiver Approved
☐ Will Apply

**Parent/Guardian Information:**

Fortson   Jennifer   1355 187th St   708-798-0347
Last Name,   First Name   Street Address   Home Phone Number

**FEE TABLE:** Please use the following fee table to figure fees for the 2007-2008 school year. Please note that fees are PER STUDENT. The amount includes assignment notebook fees, technology lab fees, physical education fees, and mandatory insurance fees.

Homewood School District 153 is required to provide school-time accident insurance coverage for your student. This covers injuries that may occur while participating in any school-sponsored activity. You will have the option of purchasing 24-hour coverage, which offers insurance protection outside of school hours. Details regarding premiums and coverage for the 24-hour plan will be sent home with students on the first day of school.

| GRADE LEVEL | MANDATORY BOOKS AND MATERIALS FEE | OPTIONAL RECESS DRINK (THROUGH GRADE 2) Please circle one |
|---|---|---|
| Lit, EC, Pre-K, KG | $70 | $40 Milk   $40 Juice |
| 1 through 2 | $140 | $40 Milk   ($40 Juice) |
| 3 through 4 | $150 | Not Available |
| 5 through 6 | $165 | Not Available |
| 7 through 8 | $185 | Not Available |

| STUDENT'S LEGAL NAME As written on birth certificate (Last, First, Middle) | GRADE LEVEL | BOOKS & MATERIALS | RECESS DRINK | TOTAL FEES |
|---|---|---|---|---|
| 1. Fortson, Sebastian David | 1 | $140 | $40 | $180 |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| | | | TOTAL FEES: | 180 00 |

**Please make checks payable to: Homewood School District #153.**

Enclosed is my check or money order: # M/C # 999999 Dated: 8/22/07
My canceled check is my receipt. A $25 charge will be added to all returned checks. If paying in cash or by VISA or MasterCard, you must pay in person at the district office.

**PUBLICITY RELEASE:** Often, the schools and district prepare newsletters which include photos. Other common publicity occurs via local newspapers. Do you give permission for School District 153 to use your child's photo or video image in newspaper and/or school publications, which may be released to the public?

Circle:   (YES)   NO

EXHIBIT
B

# 2007-2008
# PARENT STATEMENT OF COMPLIANCE

Names (last, first) of all children you are registering:

Fortin, Sebastian _____ _____

_____ _____ _____

## Fraudulent Registration:

REGISTRATION OF A STUDENT WHO IS NOT A RESIDENT OF DISTRICT 153 AND/OR WHERE THE ADULT WHO HAS LEGAL CUSTODY OF THE CHILD IS NOT A RESIDENT OF DISTRICT 153 IS A FRAUDULENT ACT.  FRAUDULENT REGISTRATION IS A CLASS C MISDEMEANOR.

## Penalty for Fraudulent Registration:

ANY STUDENT FOUND TO HAVE BEEN FRAUDULENTLY ENROLLED WILL BE DISENROLLED FROM THE DISTRICT IMMEDIATELY, AND THE PARENT/GUARDIAN WILL BE ASSESSED THE FULL COST OF TUITION, NOT TO EXCEED 110% OF THE PER CAPITA COST, FOR THE TIME EACH FRAUDULENTLY ENROLLED STUDENT HAS ATTENDED.  THE ANNUAL TUITION RATE FOR THE 2007-2008 SCHOOL YEAR IS NOT LESS THAN $8344.36.

*I understand that this means I will be invoiced and payment is expected for retroactive tuition of each fraudulently registered student. Each fraudulently registered student will be dropped from the attendance rolls immediately. Collection for retroactive and outstanding tuition charges will be pursued to the furthest extent permissible by law.*

## Affidavit of Residence and Custody:

**I swear to the following facts in order to permit Homewood Public School District 153 to enroll my child(ren):**

1. I have legal custody of the child(ren) by:  (Birth)   Divorce Decree    Court Order    Other
   Supporting documents have been supplied to the school(s).

2. The child's or children's residence has not been established solely for the purpose of attending District 153.

3. The child(ren) regularly sleeps at said residence.

**I understand the residency and custody requirements AND that I know the penalty for fraudulent registration as my signature below so indicates.**

_Jennifer Fortin_
Signature of Parent/ Legal Guardian

_8/22/07_
Date

_1355 187th St_
Street Address

_Homewood    IL    60430_
City                State        Zip Code

_708-798-0347_
Home Phone Number

# 2007-2008
# STUDENT AND FAMILY INFORMATION

Keep all contact information updated by notifying the school office of changes that occur throughout the year.

FOR OFFICE USE ONLY
☐ Birth Certificate
☐ Medical Records
☐ Proofs of Residency
☐ New Student
☐ Foster Child
File Completion Date: _____

**Student Information:** Please use the student's legal name when completing the following section.

1. Fortson, Sebastian David    (Male)/Female    07-05-2001    1

   Last Name,    First Name    Middle Name    Gender    Birth Date xx-xx-xxxx    Grade Level

2. _____    Male/Female    _____    _____

   Last Name,    First Name    Middle Name    Gender    Birth Date xx-xx-xxxx    Grade Level

3. _____    Male/Female    _____    _____

   Last Name,    First Name    Middle Name    Gender    Birth Date xx-xx-xxxx    Grade Level

4. _____    Male/Female    _____    _____

   Last Name,    First Name    Middle Name    Gender    Birth Date xx-xx-xxxx    Grade Level

**Ethnicity:** The following information is required by the Illinois State Board of Education. Please check the line that best describes the ethnicity of your child(ren).

___ American Indian    ___ Asian/Pacific Islander    ___ African American/Black Non-Hispanic
___ Hispanic    X White Non-Hispanic    ___ Multi-racial    ___ Unknown

**Language Groups:** The following information is required by the Illinois State Board of Education. A student may be considered of "non-English speaking background" if "yes" can be answered for any one of the following questions:

1. During daily interaction in the student's home, is a language other than English spoken?
2. Does the student speak a language other than English?

The language my child(ren) use best to communicate (the primary language spoken) is:

_X_ English    ___ Other: Please specify language _____

**Foster Children:** If any of the students listed above are foster children, please provide the following:

1. _____    _____    _____

   Student's Name    Medicaid Number    Caseworker's Name and Phone Number

2. _____    _____    _____

   Student's Name    Medicaid Number    Caseworker's Name and Phone Number

**Medical Information:** Please notify the school nurse if your child has developed severe allergies or any other medical condition. If medicine must be administered during school hours, you must submit an authorization for signed by the child's physician. This is an annual requirement. Authorization forms are available at each school office.

**Emergency Dismissal:** In emergency situations, it may become necessary to dismiss school before the end of the regular school day. Afternoon buses and Extra Innings care may not be available. There may not be an opportunity to reach parents by phone. PTA room representative WILL try to contact parents. **You must provide your child's room representative the phone number you want to be reached at, if you are not normally home before school or during the school day.**

In order to ensure that your child has a safe place to go, please tell us what you have instructed your child(ren) to do in emergency situations:

___ Walk (if safe)/take the bus (if operating) – as usual
___ Go to Extra Innings (if operating) – as usual
___ Go home with a responsible adult chosen by a
      school official. I will pick you up as soon as I am able

_X_ Wait at school (if safe) unit I call for you
___ Go directly home or to the neighbor's (if I am not at home):

_____    _____
Neighbor's Name    Address

## -PLEASE COMPLETE THE INFORMATION ON THE REVERSE SIDE-

**Family Information:** Please complete information for adult(s) with whom the student(s) resides. Begin by circling the relationship of the adult to the child.

FATHER    STEPFATHER    GUARDIAN          (MOTHER)    STEPMOTHER    GUARDIAN

| | |
|---|---|
| _____<br>Last Name,          First Name | Fortson          Jennifer<br>Last Name,          First Name |
| _____<br>Street Address | 1355   187th St<br>Street Address |
| _____<br>Home Phone Number | 708 - 798 - 0347<br>Home Phone Number |
| _____<br>Business Phone Number | _____<br>Business Phone Number |
| _____<br>Occupation and Company Name | RN Advocate Christ Hosp<br>Occupation and Company Name |
| _____<br>Cell Phone Number | 708 - 268 - 7147<br>Cell Phone Number |
| _____<br>Email Address | jfortson0328@aol.com<br>Email Address |

**Secondary Mailing Information:** If a student's parents are divorced and the non-custodial parent requires copies of all mailings, the following information must be provided for the **parent who does not live at the same address as the student.** .

| | |
|---|---|
| _____<br>Last Name,          First Name | _____<br>Home Phone Number |
| _____<br>Street Address | _____<br>Cell Phone Number |
| _____<br>City          State          Zip Code | _____<br>Business Phone Number |
| _____<br>Email Address | _____<br>Relationship to the Student |

**Emergency Contact Information:** This is a person other than a parent who may be contacted in case of serious illness or serious disciplinary situations **if the parent/guardian cannot be reached.**

| | |
|---|---|
| Fortson          Sean<br>Last Name,          First Name | Thomas          Karan<br>Last Name,          First Name |
| Father<br>Relationship to Student | Grand mother<br>Relationship to Student |
| _____  708-257-7843<br>Home Phone Number   Cell Phone Number | 708-339-3334   708-372-5214<br>Home Phone Number   Cell Phone Number |

**Additional Information:**

Dr Kevin Germino    708 - 304 - 7077
Physician Name          Phone Number

_____          _____
Day Care Provider          Phone Number          Children Attending Day Care

**Homewood School District 153**
**18205 Aberdeen Street**
**Homewood, Illinois 60430**

November 5, 2007

Mr.Sean Fortson
317 Stonington Av
Beecher, IL 60401

Mr.Fortson,

According to information Homewood School District 153 has received, we believe your
child is not a resident in this school district. It appears that you fraudulently enrolled your
child, Sebastian David Fortson in Homewood School District 153.

Accordingly, after November 12 , 2007, the above named student will be prohibited from
attending school in Homewood School District 153. You should make immediate
arrangements to transfer the above named student to the public school district in which he
is now residing or to a private school of your choice. The student records will be sent to
the new school as soon as we have received a written request from the new school. Any
materials and textbooks that have been assigned to the above named student from our
district schools must be returned to the classroom teachers to begin the transfer process.

*The School Code of Illinois* in 105 ILCS 5/10-20.12b et seq. addresses the conditions of
residency which must be met and the penalties for misrepresentation for the purpose of
enrolling a child in a school district other than that of the parent's residence. If you
choose to challenge this Notice of Disenrollment, please contact the Superintendent's
office at (708) 799-8721 within ten days of receipt of this letter, to schedule a hearing
with a board appointed Hearing Officer. If the School Board upholds the disenrollment,
you will be held responsible for tuition charges for your child. As of today, November 5,
2007, your child's tuition would be $2580.83.

Sincerely,

John Carney
Residency Officer
Dale E. Mitchell
Superintendent

EXHIBIT

C

ALL-STATE LEGAL®

# HAUSER, IZZO, DeTELLA & PETRARCA, LLC

Counselors at Law

19730 Governors Highway - Suite 10
Flossmoor, Illinois 60422
Phone: (708) 799-6766 x16
Fax: (708) 799-6866
www.edcounsel.com

JOEL R. DeTELLA
jdetella@edcounsel.com

November 19, 2007

**<u>Via Certified Mail, Return Receipt Requested</u>**

Ms. Jennifer Fortson
1355 187th Street
Homewood, IL 60430

      **Re:    Residency**

Dear Ms. Fortson:

      Pursuant to the *Illinois School Code*, you have five (5) days to file written objections to the hearing officer's report. The objections should not give additional argument, but should be objections to the findings of the hearing officer. The written objections **must** be sent via certified mail, return receipt requested, to the Superintendent of Homewood School District 153:

          Dr. Dale E. Mitchell
          Superintendent
      Homewood School District No. 153
          18205 Aberdeen Street
          Homewood, IL 60430

      The Board of Education shall consider your written objections, along with the hearing officer's report at their November meeting.

      Very truly yours,

      HAUSER, IZZO, DeTELLA & PETRARCA, LLC

      JOEL R. DeTELLA

JRD:rs
Enclosure
rs3c\residency\153\Fortson.3.doc

**EXHIBIT**

D

ALL-STATE LEGAL®

In Re:

Fortson Residency Matter
(Hearing Date:  November 15, 2007)

## HEARING OFFICER'S REPORT

Hearing Officer:

Joel R. DeTella
Hauser, Izzo, DeTella & Petrarca, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422

## PERSONAL AND CONFIDENTIAL

# **INTRODUCTION**

Section 10-20.12b of the *Illinois School Code* states as follows: "...Only resident pupils of a school district may attend the schools of the district without payment of the tuition required to be charged." "At the hearing, the person who enrolled the pupil shall have the burden of going forward with the evidence concerning the pupil's residency. If the hearing is conducted by a hearing officer, the hearing officer within five (5) days after the conclusion of the hearing shall send a written report of his or her findings by certified mail, return receipt requested to the school board and to the person who enrolled the pupil." 105 ILCS 5/10-20.12b.

The following is the impartial hearing officer's written report giving a summary of the residency hearing of Sebastian Fortson.

## <u>VIOLATION</u>

Jennifer Fortson registered Sebastian Fortson in Homewood School District 153 giving an address of 1355 187th Street, Homewood, Illinois.  The Administration contends that Sebastian Fortson does not live at 1355 187th Street, Homewood, Illinois and, accordingly, is outside of the Homewood School District 153 boundaries.

## HEARING OFFICER'S REPORT

I.    **PERSONS PRESENT:**

Mr. John Carney, School District No. 153 Residency Officer

Mrs. Janice Kirschenbaum, School District 153 Registrar

Adrian Van Brussel, Investigator

Jennifer Fortson, Mother

Elene Bobele, Great Grandmother

Mary Whitfield, Friend

Joel R. DeTella, Hearing Officer

The hearing on the residency of the Fortson child, Sebastian, commenced at the Homewood School District 153 Administration Center. The parties present were advised that the hearing would be held in accordance with Section 10-20.12b of the *Illinois School Code*. The parties were advised of the Hearing Officer's role at the hearing and were advised as to the procedures that would be followed at the hearing. The parties were advised that it is the legal guardian's burden to show that he is indeed a resident of the School District and that, more importantly, the child is a resident of the School District. The parties were advised that pursuant to the *Illinois School Code* if evidence is presented regarding residency by the parent, the Administration is under an obligation to present evidence to rebut the proof by the legal guardian. The parties were advised that the Board of Education would consider the results of this residency hearing at their next regularly scheduled meeting. The parties were asked if they understood everything said by the hearing officer, and the informal hearing commenced.

II.    **EVIDENCE AND TESTIMONY**

A.    **LEGAL GUARDIAN PRESENTATION**

Ms. Fortson, the parent, testified on behalf of residency. She stated that she and her ex-husband own a home located at 1390 Forest Avenue, Calumet City, Illinois. The home is currently in foreclosure; however, it is still in the possession of Ms. Fortson and her ex-husband.

Ms. Fortson stated that she works nights and resides with her grandmother at 1355 187th Street, Homewood, Illinois. She works from approximately 7:00 p.m. until 7:00 a.m., 3 to 4 nights a week. She further stated that lately and in the future it will be 4 nights a week. She stated that Sebastian does not stay with his great grandmother who lives in Homewood, because she is not capable of taking care of him. On those nights that Ms. Fortson works, he stays with either his father or his grandmother depending on the situation. Sebastian's father lives in

1

Beecher, Illinois. Ms. Fortson stated that it works out better for her when Sebastian goes with his father any time that his father can take him when she is working. Again, she stated that she works between 3 and 4 nights per week. Accordingly, the majority of the week Sebastian is with his father in Beecher or his grandmother, who Ms. Fortson has admitted lives outside of District 153 boundaries.

Ms. Fortson stated that she moved in with her grandmother (the child's great grandmother) in August of 2007 to care for her. Ms. Fortson stated that she has always talked about moving in with her grandmother because "she doesn't get around very well, and it is easier." She further stated that she does the grocery shopping and cuts the grass "and things like that" rather than paying another individual "to do those things" if she was out there.

Ms. Fortson admits that when Sebastian spends the night by his grandmother's house, she gets him to school. When he spends the night with his father, he gets him to school. Sebastian takes the bus to school from the grandmother's house. The father and Sebastian's grandmother, who live outside of the School District, bring Sebastian to the bus stop on a daily basis. On the days that the father or grandmother has Sebastian, he eats, does homework, and sleeps at the father or grandmother's house.

Ms. Fortson placed into evidence the certified mail she received of the hearing and the letter, a copy of her driver's license stating a Dolton address, her cellular bill mailed to Homewood, a copy of her mortgage foreclosure summons, and a copy of her complaint with exhibits. The documents were labeled and admitted into evidence without objection.

## B.    **ADMINISTRATION PRESENTATION**

Mr. Carney testified on behalf of the Administration. Mr. Carney stated that Sebastian "told somebody at his school that he really doesn't live in town, he just comes here for school." That statement had caused Mr. Carney to investigate the residency. Mr. Carney conducted a surveillance of the house located at 1355 187th Street in Homewood, Illinois. Mr. Van Brussel did the first surveillance on Tuesday, October 30, 2007. The house was watched from 6:00 a.m. until 7:30 a.m. No child left the home during these times, and no child was driven to the home. Sebastian was in attendance at school that day.

On October 31, 2007, Mr. Van Brussel watched the 1355 address. Again, no child left the home and, again on both dates that Mr. Van Brussel watched the house, the child was in attendance at Willow School, but did not come out of the house.

On Thursday, November 1, 2007, Mr. Carney conducted a surveillance of the house at 1355 187th Street from 6:50 a.m. until 8:05 a.m. It should be noted that 8:05 a.m. is the time Willow School begins their day. Mr. Carney stated that no child left the home to board the Kickert bus that arrives at 7:30 a.m. No car left the address of the Homewood home. Sebastian was in attendance that day.

On Friday, November 2, 2007, Mr. Carney again watched the address at 1355 187th Street from 6:55 a.m. until 8:05 a.m. On that day, a blue van backed into the driveway, sat there for

approximately 8 to 10 minutes and then left at 7:28 a.m. No one exited the van or entered it. No movement was made in the house. Sebastian was in attendance at school that day.

On that same day, Mr. Carney was informed that Sebastian was a bus rider. He went to the same 1355 address after school had been dismissed and watched from across the street in the park parking lot. In front of the home was a blue Ford. The car was registered to a Mr. Sean Fortson at 317 Stonington Avenue, Beecher. When the bus returned the children after school, Sebastian walked directly to the blue Ford and they drove away. Neither the child nor the driver went into the home at 1355 187th Street.

On November 6, 2007, Mr. Carney again watched the address in Homewood from 6:50 a.m. until 7:35 a.m. At approximately 7:25 a.m., the blue Ford registered to Mr. Fortson drove up to 1355 187th Street and waited for the bus. Sebastian exited the Ford and went directly to the bus which arrived at 7:30 a.m. Approximately 1 minute later when Sebastian was on the bus and the bus moved on, the Ford drove away. No attempt was made to enter the house at 1355 187th Street.

Mr. Carney stated that it is the District's contention that Ms. Fortson had used her mother's address to enroll the child in Homewood schools. Mr. Carney further stated that Mr. Van Brussel is a retired police officer and is very experienced in doing surveillance work.

Mrs. Kirschenbaum next testified on behalf of the Administration. Mrs. Kirschenbaum testified that she received information to a subscription to an online service that does background checks for public servants. Mrs. Kirschenbaum testified as to the cars at the home and the registration of the cars. She further testified that kids came up to Jennifer Fortson at two different addresses. None of which were the address located in District 153.

When Jennifer registered her son Sebastian, she brought along her grandmother, Ms. Bobele to sign a "live with" form as part of the registration. Mrs. Kirschenbaum stated that Ms. Bobele was unable to complete the form on her own. One of the office helpers assisted her, and some of the questions were left unanswered. Mrs. Kirschenbaum submitted all of the documents that she used in the searches, and Mr. Carney filed his investigation report. The exhibits were marked and admitted into evidence without objection. Ms. Fortson stated "I can't say anything against those because I don't know if those were the days that I was working when there was no one there. That is a distinct possibility, but I can't tell you that sitting here right now."

Ms. Whitfield, a friend of the family, testified on behalf of the student. She stated that she knew nothing about the bus or who was getting him on or off of the bus. She stated that Ms. Bobele told her that her granddaughter and grandson were moving in with her. She also stated that she has seen Sebastian at the house. Ms. Whitfield stated that she lives at 18825 Loomis in Homewood, within walking distance from Ms. Bobele.

## III.    HEARING OFFICER'S FINDINGS

Attached to this hearing officer's report is a copy of the transcript of the hearing, and all of the exhibits entered into evidence. The only issue in this hearing is whether or not Sebastian

Fortson lives within School District 153 boundaries. I have examined all of the evidence given at the residency hearing and the transcript of the sworn testimony of all witnesses. Ms. Fortson herself stated that Sebastian stays with his grandmother outside of District boundaries or his father, outside of District boundaries 3 to 4 days per week, more often 4 days a week currently. On those days, the grandmother or father bring him to the bus stop to go to District 153 schools and pick him up from the bus stop after the school day has completed. On those days, Sebastian does not do his homework, take his meals or sleep at the Homewood address. Accordingly, for a majority of the 7 days week, Sebastian stays outside of School District 153 boundaries. This testimony of Sebastian's mother, coupled with the investigation of the Homewood residence was carefully considered. Accordingly, based on the investigation and Sebastian's mother's testimony, I find that at the time of enrollment, as well as the present time, Sebastian Fortson is not a legal resident of District 153. This Hearing Officer's findings are based on all of the testimony given at the residency hearing. The Hearing Officer's findings are a recommendation to the Board of Education and the Board may find as it sees fit.

The parties were advised that the hearing officer would issue his report within five (5) days of the hearing. Thereafter, within five (5) days after receiving the findings of the hearing officer, the parents may file written objections to the findings with the School Board by sending the objections via certified mail, return receipt requested, addressed to:

Dr. Dale E. Mitchell
Superintendent
Homewood School District No. 153
18205 Aberdeen
Homewood, Illinois 60430

The Board of Education shall then within fifteen (15) days after the conclusion of the hearing decide whether or not the pupil is a resident of the School District, and determine the amount of any tuition required to be charged under Section 10-20.12a of the *Illinois School Code*. 105 ILCS 5/10-20.12a. The School Board must send a copy of its decision to the person who enrolled the pupil. The decision of the School Board shall be **final**.

The above is a summary of the evidence as present on November 15, 2007 regarding the residency of Sebastian Fortson. This hearing was conducted by an impartial hearing officer.

Respectfully submitted,

Joel R. DeTella, Hearing Officer

rs3c\residency\sd153c\FortsonResReport.3.doc

4

STATE OF ILLINOIS      )
                            ) SS

COUNTY OF COOK       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor,<br>               Plaintiffs<br><br>         v.<br><br>BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT #153,<br>               Defendant. | )<br>)<br>)<br>)<br>)   No.   07 CH 37098<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JENNIFER F.

I, Jennifer F., on my oath state and depose as follows:

1.     I am the biological mother of Sebastian F. who is six years old.

2.     I currently reside at 1355 187th Street, Homewood, Cook County, Illinois.

3.     I reside at the above address with my son, Sebastian F., and my grandmother, Elene Bobele.

4.     My ex-husband is Sean F. with whom I share custody.

5.     Per the March 15, 2005 Judgment for Dissolution of Marriage, the primary residence of Sebastian F. is with me, Jennifer F.

6.     I attended the residency hearing regarding Sebastian F. on November 15, 2007.

7.     On November 26, 2007, I received a letter from the hearing officer, Joel DeTella, in my mailbox at 1355 187th Street, Homewood, Illinois 60430. Enclosed with the letter was a copy of the hearing officer's Report from the residency hearing.

8.     I did not receive a copy of this Report at any time prior to November 26, 2007.



EXHIBIT

E

9.      I did not receive the letter and Report via certified mail and did not sign anything attesting that I received the letter and Report via certified mail.

10.     On December 10, 2007, Sean F. spoke with the superintendent of Homewood School District #153, Dale Mitchell, and the attorney and hearing officer, Joel DeTella, in my presence in the hallway following the Board of Education's decision to disenroll Sebastian F. from District 153.

11.     I heard Superintendent Dale Mitchell state that if Sebastian F. returned to Willow School on the school bus he would be removed from the premises by the Homewood Police Department.


FURTHER AFFIANT SAYETH NOT.

_____
Jennifer F.


SIGNED AND SWORN before me on
this ___27th___ day of ___December___ 2007.

_____
Notary Public

"OFFICIAL SEAL"
LAURA O'CONNOR
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/29/2008


American Hometowns for Tomorrow's World

# Homewood
## School District 153
*All Children will Learn;  All Children will be Served*

**Superintendent**
Dr. Dale E. Mitchell
(708) 799-5661
(708) 647-2367 Fax

**Business Manager**
Ms. Jacqui Parisi
(708) 799-8721 Ext. 2242
(708) 799-1377 Fax

**Coordinator for Teaching,**
**Learning, Accountability**
Mrs. Gail Huizinga
(708) 799-8721 Ext. 2224
(708) 799-1377 Fax

**Network Administrator**
Mr. Eric L. Farmer
(708) 647-2292

**Director of Student**
**Support Services**
Mrs. Susan L. Mecozzi
(708) 798-3766
(708) 798-3539 Fax

December 13, 2007

Sean Fortson
317 Stonington
Beecher, Illinois  60401

Dear Mr. Fortson:

At the Board of Education Meeting held on Monday, December 10, 2007, the board took action to disenroll your son, Sebastian Fortson, from Willow School effective December 11, 2007.

If you should have any questions, please feel free to contact me at 708 799-5661.

Sincerely,

Dale E. Mitchell, Ed.D
Superintendent of Schools

DEM/dc

EXHIBIT

F

ALL-STATE LEGAL®

STATE OF ILLINOIS      )
                             ) SS
COUNTY OF COOK      )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| SEAN F. and JENNIFER F., individually and as<br>next friends of SEBASTIAN F., a minor,<br>               Plaintiffs<br><br>               v.<br><br>BOARD OF EDUCATION OF HOMEWOOD<br>SCHOOL DISTRICT #153,<br>               Defendant. | )<br>)<br>)<br>)<br>)   No.   07 CH 37098<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF SEAN F.

I, Sean F., on my oath state and depose as follows:

1.      I am the biological father of Sebastian F. who is six years old.

2.      I currently reside at 317 Stonington Avenue, Beecher, Cook County, Illinois

60401.

3.      My ex-wife is Jennifer F.

4.      My son, Sebastian F., resides with Jennifer F. with whom I share custody.

5.      Per the March 15, 2005 Judgment for Dissolution of Marriage, the primary

residence of Sebastian F. is with Jennifer F.

6.      In mid-November of 2007, after receipt of the November 5, 2007 Notice of

Disenrollment letter from the Homewood School District #153 and prior to the residency

hearing on November 15, 2007, I contacted Beecher School District 200-U's

administrative office.

7.      On that date, I spoke with a Beecher School District 200-U's administrator and

discussed enrolling Sebastian F. as a student.



EXHIBIT

G

ALL-STATE LEGAL®

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SEAN F. and JENNIFER F., individually and as      )
next friends of SEBASTIAN F., a minor,            )
            Plaintiffs          )
                                                  )
        v.                              )      No.    07 CH 37098
                                                  )
BOARD OF EDUCATION OF HOMEWOOD                    )
SCHOOL DISTRICT #153,                             )
            Defendant.          )

## AFFIDAVIT OF SEAN F.

I, Sean F., on my oath state and depose as follows:

1.     I am the biological father of Sebastian F. who is six years old.

2.     I currently reside at 317 Stonington Avenue, Beecher, Cook County, Illinois 60401.

3.     My ex-wife is Jennifer F.

4.     My son, Sebastian F., resides with Jennifer F. with whom I share custody.

5.     Per the March 15, 2005 Judgment for Dissolution of Marriage, the primary residence of Sebastian F. is with Jennifer F.

6.     In mid-November of 2007, after receipt of the November 5, 2007 Notice of Disenrollment letter from the Homewood School District #153 and prior to the residency hearing on November 15, 2007, I contacted Beecher School District 200-U's administrative office.

7.     On that date, I spoke with a Beecher School District 200-U's administrator and discussed enrolling Sebastian F. as a student.

EXHIBIT

G

ALL-STATE LEGAL®

8.     I was informed that Sebastian would not be considered a resident of Beecher School District 200-U as I am not the residential parent and as he does not reside with me for the majority of the week.

9.     I have had no further communication with Beecher School District 200-U regarding the residency of Sebastian F.

10.     On December 10, 2007, District 153's Board of Education met and determined that Sebastian F. is not a resident of its district.

11.     Following the board meeting, I spoke with the superintendent of Homewood School District #153, Dale Mitchell, Joel DeTella, District 153's hearing officer and attorney, and Jennifer F in the hallway.

12.     I asked what we were supposed to do with Sebastian F. following the Board's decision.

13.     Mr. DeTella stated that I should enroll Sebastian F. in the Beecher School District 200-U to which I replied that I had already been informed that Beecher School District 200-U will not accept him.

14.     Mr. DeTella further stated that Beecher School District 200-U would have to enroll him.

15.     I asked what would happen if Sebastian F. was sent to Willow School located in Homewood School District #153 via school bus.

16.     Superintendent Dale Mitchell informed me that if Sebastian F. returned to Willow School, the Homewood Police Department would be contacted and asked to remove my son, Sebastian F., from the premises.

FURTHER AFFIANT SAYETH NOT.

Sean F.

SIGNED AND SWORN before me on
this ___27ᵗʰ___ day of ___December___ 2007.

_____
Notary Public

"OFFICIAL SEAL"
LAURA O'CONNOR
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 7/29/2008



American Hometowns for Tomorrow's World

# Homewood
## School District 153
*All Children will Learn;  All Children will be Served*

**Superintendent**
Dr. Dale E. Mitchell
(708) 799-5661
(708) 647-2367 Fax

**Business Manager**
Ms. Jacqui Parisi
(708) 799-8721 Ext. 2242
(708) 799-1377 Fax

**Coordinator for Teaching,
Learning, Accountability**
Mrs. Gail Huizinga
(708) 799-8721 Ext. 2224
(708) 799-1377 Fax

**Network Administrator**
Mr. Eric L. Farmer
(708) 647-2292

**Director of Student
Support Services**
Mrs. Susan L. Mecozzi
(708) 798-3766
(708) 798-3539 Fax

December 17, 2007

Ms. Laura O'Connor, Paralegal
Whitted, Cleary, and Takiff
3000 Dundee Rd.
Suite 303
Northbrook, IL   60062

Re:  Sebastian Fortson



RECEIVED
DEC 19 2007
WHITTED, CLEARY & TAKIFF LLC

Ms. O'Connor:

We have received your request for documents for Sebastian Fortson, first grader in District 153.  Per the instruction of our attorney, Joel DeTella, we request that you pay the enclosed amount for the costs of shipping and copying. As soon as we receive payment for the documents, we will mail them. If you have questions regarding this aspect of the case, you may call Mr. DeTella at 708-799-6766.

The cost of mailing certified mail with return receipt requested is $9.40 and the cost of copying the documents is $6.04.

Thank you.

Dr. Dale Mitchell, Superintendent
Homewood School District 153
18205 Aberdeen
Homewood, IL   60430

**EXHIBIT**

H

ALL-STATE LEGAL®