IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>BOARD OF EDUCATION OF HOMEWOOD  )<br>SCHOOL DISTRICT 153,  )<br>)<br>Defendant.  ) | Case No. 07 CH 37098 |

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

The Board of Education of Homewood School District 153, by and through its attorneys, Hauser, Izzo, DeTella & Petrarca, LLC, and pursuant to 735 ILCS 5/2-615, hereby presents its Motion to Dismiss the Amended Verified Complaint for Declaratory and Injunctive Relief. In support of its Motion, Defendant states as follows:

1. Plaintiffs in this matter are seeking judicial review of a residency hearing conducted by the Board of Education pursuant to Section 10-20.12b of the Illinois School Code ("residency statute") (105 ILCS 5/10-20.12b).

2. There is no constitutional due process right to appeal from an administrative decision; rather, the right may or may not be granted in a given situation as the legislature deems appropriate. *Carver v. Nall*, 186 Ill.2d 554, 562, 714 N.E.2d 486, 491 (1999).

3. The Court is without jurisdiction to review this matter under the Administrative Review Law because administrative review only applies to final decisions of administrative agencies where the act creating or conferring power on the agency adopts, by express reference,

the provisions of Article 3 of the Code of Civil Procedure, or its predecessor the Administrative Review Act. 735 ILCS 5/3-102.

4. The Board of Education conducted the residency hearing pursuant to Section 10-20.12b of the Illinois School Code; that section does not expressly or otherwise reference or adopt Article 3 of *Code of Civil Procedure* or the former *Administrative Review Act*. As such, Defendants respectfully submit that this Court is without jurisdiction to review the decision of the Board of Education of Homewood School District No. 153.

5. A common law *writ of certiorari* is the general method for obtaining review of administrative actions when the act conferring power on the agency does not expressly adopt Administrative Review Law and provides for no other form of review. *Hanrahan v. Williams*, 174 Ill.2d 268, 272 and 673 N.E.2d 251, 253 (1996).

6. However, review of an administrative agency decision in these situations is not presumed and is a question of statutory interpretation. *Id.*

7. No presumption arises if there is a statutory bar to review or if the statutory language commits the agency decision to unreviewable agency discretion. *Id.*

8. In this case, there is a clearly stated statutory bar to judicial review and the statutory language commits the Board's decision to unreviewable discretion; the residency statute provides, in pertinent part, "The school board shall send a copy of its decision to the person who enrolled the pupil, and the decision of the school board shall be final." 105 ILCS 5/10-20.12b.

9. Accordingly, the decision of the Board of Education is not reviewable under either a common law *writ of certiorari* or Administrative Review Law.

10. The Complaint is also deficient on its face and this Honorable Court is without jurisdiction because the residency statute does not permit review of the decision of the Board of Education. The statute provides, in pertinent part, "The school board shall send a copy of its decision to the person who enrolled the pupil, and the decision of the school board shall be final." 105 ILCS 5/10-20.12b.

11. Further, in Count III of the Amended Complaint, Plaintiffs seek injunctive relief against the Defendant Board of Education. However, injunctive relief will not be granted against public officials with respect to their official acts unless such acts are either outside their authority or unlawful. *Illinois Federation of Teachers v. Board of Trustees, Teachers' Retirement System*, 191 Ill.App.3d 769, 773, 548 N.E.2d 64, 66 (1989). Since Defendant had authority to disenroll Plaintiffs' son after a hearing pursuant to 105 ILCS 5/10-20.12b, injunctive relief is not available as a remedy here.

WHEREFORE, for all of the foregoing reasons, the Board of Education of Homewood School District 153, respectfully requests that this Motion to Dismiss be granted, in its entirety, and for such further and other relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

DEFENDANT BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT 153

By: _____
One of its Attorneys

CHRISTOPHER L. PETRARCA
JOHN M. IZZO
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708) 799-6766
Firm No.: 42070
m2C\sd153c\Fortson\MotionDismissAmendComp.doc