IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 07 CH 37098 |
| BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT 153, | ) ) ) ) | |
| Defendant. | ) | |

## RENEWED MOTION IN LIMINE

NOW COMES Defendant, Board of Education of Homewood School District 153, by and through its attorneys, Hauser, Izzo, DeTella & Petrarca, LLC, and presents this Renewed Motion In Limine, submitted after the filing by Plaintiffs of an amended complaint. In support of this Motion, Defendant states as follows:

1. This matter is before the Court for the purpose of reviewing a residency hearing conducted by Defendant, the Board of Education of Homewood School District 153. Plaintiff again improperly attempts to invoke jurisdiction under *Administrative Review Law*. Jurisdiction is improper because *Administrative Review* only applies to final decisions of administrative agencies where the statute creating that agency expressly references or adopts Section 3 of the *Code of Civil Procedure*, or its predecessor the *Administrative Review Act*. The *Illinois School Code* provides for residency hearings and neither expressly references nor adopts Section 3 of the *Code of Civil Procedure* or its predecessor the *Administrative Review Act*. (105 ILCS 5/10-20.12b).

2. In the event that the Court chooses to exercise jurisdiction over the subject matter of this Complaint, Defendant respectfully suggests that the Court must do so under a common law *writ of certiorari*.

3. The standards of review under a common law *writ of certiorari* are essentially the same as those under administrative review law. *Lapp v. the Village of Winnetka*, 359 Ill. App.3d 152, 166, 833 N.E.2d 983, 997 (1st Dist. 2005).

4. In a *certiorari* proceeding, the Court determines from the record alone whether there is any evidence fairly tending to support the order reviewed. *Norton v. Nicholson*, 187 Ill. App.3d 1046, 1058, 543 N.E.2d 1053, 1059 (1st Dist. 1989).

5. The record cannot be contradicted and the trial court is prohibited from admitting extrinsic evidence to support or overthrow the proceeding being reviewed. *Hartley v. Will County Board of Review*, 106 Ill. App.3d 950, 955, 436 N.E.2d 1073, 1077 (3rd Dist. 1982).

6. The pleadings submitted by the Plaintiff attempt to introduce facts not contained in the record below.

7. The Defendants hereby move to bar any and all evidence not contained in the record, and any all testimony and any and all evidentiary hearings requested by Plaintiff.

8. Moreover and specifically, Plaintiffs have requested for use in this case a copy of the audio recording of the Board of Education's closed session on December 10, 2007, when this matter was discussed with Plaintiff.

9. The making of and maintaining of audio recordings of the closed session meetings of the Board of Education are mandated by the Open Meetings Act (5 ILCS 120/2.06(a) and (c)).

10. However, the Open Meetings Act expressly prohibits the discovery of that audio recording in this case: "the verbatim record of a meeting closed to the public shall not be open

for public inspection or subject to discovery in any administrative or judicial proceeding other than one brought to enforce this [Open Meetings] Act." (5 ILCS 120/2.06 (e).)

11. Illinois law through the Open Meetings Act provides a privilege against discovery of not only the verbatim recording of closed session meetings, but also any depositions, minutes and transcripts of those closed session meetings. *Tumas v. Board of Education of Lyons Township High School District No. 204*, 2007 WL 2228695, * 8 (N.D. Ill., July 31, 2007).

12. Therefore, neither the audio recording nor any other facts concerning Defendants' closed session meeting may be introduced in this case.

WHEREFORE, for all of the foregoing reasons, Defendant, the Board of Education of Homewood School District 153 respectfully requests that this honorable Court grant its Renewed Motion In Limine and prohibit:

1. The introduction of any and all allegations, facts and/or evidence not contained in the record.

2. The introduction of any and all testimony.

3. Any evidentiary hearing on this matter.

4. Any evidence concerning Defendant's closed session deliberations on December 10, 2007.

4. For such further and other relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

DEFENDANT BOARD OF
EDUCATION OF HOMEWOOD
SCHOOL DISTRICT 153

By: _____
One of its Attorneys

CHRISTOPHER L. PETRARCA
JOHN M. IZZO
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708) 799-6766
Firm No.: 42070
rs2c\sd153c\Fortson\RenewedMotionInLimine.doc

4