IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 CH 37098 |
| BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT 153, | ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE PORTIONS OF AMENDED COMPLAINT

Defendant, BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT 153, by and through its attorneys, HAUSER, IZZO, DeTELLA & PETRARCA, LLC, and pursuant to 735 ILCS 5/2-615, hereby presents its Motion to Strike Portions of the Amended Complaint. In furtherance of this motion, Defendant states as follows:

**A.**  *Jurisdiction and Venue Pursuant to the Administrative Review Act.*

1. Pursuant to Section 3-102 of the Code of Civil Procedure, the Administrative Review Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provision of Article III of this Act or its predecessor, the Administrative Review Act. 735 ILCS 5/3-102.

2. Section 10-20.12b of the Illinois School Code dictates the procedures concerning hearings and determinations of student residency. 105 ILCS 5/10-20.12b

1

3. Section 10-20.12b does not adopt by express reference Article III of the Code of Civil Procedure or the Administrative Review Act as a vehicle for reviewing determinations of the Board of Education pertaining to residency.

4. Accordingly, the Court does not have jurisdiction to review the decision of the Board of Education of Homewood School District 153 pertaining to the residency of Sebastian F. pursuant to the Administrative Review Act, and all references to this Court's jurisdiction in the Amended Complaint (Count I, paragraphs 6, 7, 52, and 59) should be stricken.

**B.    *Improper assertion of facts in complaint for certiorari review.***

5. Defendant argues in its Motion to Dismiss Amended Complaint (filed simultaneously herewith) that this Court does not have the ability to review this matter even pursuant to a common law *writ of certiorari* based on the language in the School Code which dictates that the decision of a Board of Education concerning the residency of a student is final ("The school board shall send a copy of its decision to the person who enrolled the pupil and the decision of the school board shall be final." 105 ILCS 5/10-20.12b) and *Hanrahan v. Williams,* 174 Ill.2d 268, 272, 673 N.E.2d 251, 253 (1996).

6. However, should this Court determine that it does have jurisdiction to review the complaint under a common law *writ of certiorari*, Plaintiffs' complaint improperly seeks to introduce facts that are not contained in the record of which Plaintiffs are seeking review.

7. The standards of review under a common law writ of *certiorari* are essentially the same as those under the Administrative Review Law. *Lapp v. Village of Winnetka,* 359 Ill.App.3d 152, 166, 833 N.E.2d 983, 997 (1st Dist. 2005).

8. It is not contemplated that issues of fact will be framed by a complaint and answer; rather, the review is upon the record of the administrative agency. *Lake County Contractors Association v. Illinois Pollution Control Board*, 6 Ill.App.3d 762, 767-768, 286 N.E.2d 600, 605 (2nd Dist. 1972).

9. In fact, in a *certiorari* proceeding, the court determines from the record alone whether there is any evidence fairly tending to support the order reviewed. *Norton v. Nicholson*, 187 Ill.App.3d 1046, 1058, 543 N.E.2d 1053, 1059 (1st Dist. 1989).

10. The record could not be contradicted and the trial court cannot admit extrinsic evidence to support or overthrow the proceeding being reviewed. *Hartley v. Will County Board of Review*, 106 Ill.App.3d 950, 955, 436 N.E.2d 1073, 1077 (3rd Dist. 1982).

11. In this case, throughout their amended complaint and motions for temporary and preliminary injunction, Plaintiffs attempt to introduce facts that are not contained in the record before the Board of Education, in support of their request for *certiorari* review.

12. Accordingly, those facts which were not before the Board of Education should not be considered by the Court on *certiorari* review. These facts include the following:

a. Paragraph 10, "[a]nd per the Judgment of Dissolution of Marriage, the primary residence of Sebastian F. is with Jennifer F."

b. Exhibit A the dissolution of marriage.

c. Paragraph 11, "pediatric and neonatal transport" and "[s]pecializes in neonatal intensive care for premature and extremely ill infants. In order to be a pediatric and neonatal transport nurse she is required to have three years of intensive care pediatric experience and undergo a number of certification."

d. Paragraph 12 in its entirety.

e.       Paragraph 13, "[o]ne of three pediatric and neonatal transport nurses who work a" and "These three nurses divide up the week as follows: one nurse works two nights; a second nurse works two nights; and the third nurse works three nights."

f.       Paragraph 14 in its entirety.

g.       Paragraph 15, "She is required to work on weekend each month. Jennifer F's shifts are rotating and do not fall on the same nights each week and the shifts vary from week to week. In addition, Jennifer F. could be called in to work an unscheduled shift if she is needed."

h.       Paragraph 20 in its entirety.

i.       Paragraph 21 in its entirety.

j.       Paragraph 22 in its entirety.

k.       Paragraph 23 in its entirety.

l.       Paragraph 25 in its entirety.

m.       Paragraph 26, "For example, if Jennifer F. works three night shifts, Sebastian could spend two nights with Sean F. at his residence and one night with Karen Thomas at her residence or vice versa. The same is true if Jennifer F. works four night shifts."

n.       Paragraph 27 in its entirety.

o.       Paragraph 28 in its entirety.

p.       Paragraph 29 in its entirety.

q.       Paragraph 31 in its entirety.

r.       Paragraph 41 in its entirety.

s.       Paragraph 42 in its entirety.

t.       Paragraph 43 in its entirety.

u.  Paragraph 44 in its entirety.

v.  Paragraph 46 in its entirety.

w.  Paragraph 48 in its entirety.

x.  Paragraph 49 in its entirety.

y.  Paragraph 50 in its entirety.

C.  ***Plaintiffs complaint for declaratory judgment must be stricken.***

13. Count II of Plaintiffs' complaint seeks a declaratory judgment by this Court.

14. Where a plaintiff is asking the Court to review the actions of an administrative agency, that shall be its sole remedy and a cause for declaratory judgment is improper. *Marozas v. Bd. of Fire & Police Comm.*, 222 Ill.App.3d 781, 791, 584 N.E.2d 402, 411 (1st Dist. 1991). A complaint seeking review of an administrative action by common law *certiorari* is not suitable for declaratory relief. *Alicia v. Synder*, 321 Ill. App.3d 248, 253, 748 N.E.2d 285, 290 (2001).

15. In this case, Plaintiffs are asking this Court to review the determination of the Board of Education that Sebastian F. is not a resident of Homewood School District 153.

16. The only method possibly available for such a review is a writ of *certiorari*. Accordingly, it is improper for the Plaintiffs to seek a declaratory judgment in this matter.

D.  ***Injunctive relief not available.***

17. Count III seeks injunctive relief against Defendant Board of Education.

18. In addition to the authority cited above for the exclusivity of common law *certiorari* as Plaintiffs' form of relief, it is also true that injunctive relief will not be granted against public officials with respect to their official acts unless such acts are

either outside their authority or unlawful. *Illinois Federation of Teachers v. Board of Trustees, Teacher's Retirement System*, 191 Ill. App.3d 769, 548 N.E.2d 64, 66 (1989).

19. Since 105 ILCS 5/10-20.12b clearly gives Defendant Board legal authority to disenroll students after a residency hearing, no injunctive relief may be granted. Therefore, the prayer for relief in Count III should be stricken.,

E. *Attorneys Fees are not available.*

20. Under Illinois law, a party may not be awarded attorneys fees unless the fees are specifically authorized by statute or provided for by contract between the parties. *Quick v. Reilly, Inc. v. Zielinski*, 306 Ill. App.3d 93, 713 N.E.2d 739 (1999).

21. Plaintiff does not cite to a statutory entitlement for its request for attorneys fees (and none exist) nor is Plaintiff alleging a contractual right to attorneys fees (because no contract exists between the parties).

F. *Insufficiently Pled Procedural Claim*

22. The Amended Complaint adds a single, conclusory allegation that "[t]he procedures required by law were not followed," (Paragraph 62) without elaboration or specification as to which of the procedures prescribed by Section 10-20.12b of the School Code were not followed and how.

23. Plaintiff is required to allege facts, and not simply conclusions, sufficient to bring its claim within a legally recognized cause of action. *Napleton v. Village of Hinsdale*, 374 Ill. App.3d 1098, 1101, 872 N.E.2d 23, 27 (2007). Mere notice pleading is insufficient in Illinois. *Sullivan v. Board of Fire and Police Commissioners of Village of Lisle*, 103 Ill. App.3d 167, 173, 430 N.E.2d 636, 640 (1981).

24.  A conclusory allegation in a case for judicial review of an administrative decision that the Plaintiff's procedural rights had been violated does not sufficiently state a claim for a Constitutional due process violation. *Marozas v. Board of Fire and Police Commissioners of City of Burbank*, 222 Ill. App.3d 781, 791, 584 N.E.2d 402, 409 (1991).

25.  Therefore, Paragraph 62 of the Amended Complaint should be stricken.

WHEREFORE, Defendant prays that this Honorable Court:

1.  Strike Plaintiffs' assertions of circuit court jurisdiction under the Administrative Review Act.

2.  Strike any and all allegations of facts and any and all exhibits attached to the pleadings which are outside the record created before the Board of Education.

3.  Strike prayers for declaratory and injunctive relief.

4.  Strike any and all requests for attorney's fees and costs.

5.  Strike the conclusory allegation of procedural error in Paragraph 62.

6.  Grant Defendant any further relief that the Court deems just and equitable.

Respectfully submitted,

DEFENDANT BOARD OF
EDUCATION OF HOMEWOOD
SCHOOL DISTRICT 153

By: _____
One of Its Attorneys

CHRISTOPHER L. PETRARCA
JOHN M. IZZO
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708) 799-6766
Firm No. 42070

rs2c\sd153c\Fortson\motionstrikeamencomp.doc

7