IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF HOMEWOOD SCHOOL DISTRICT #153,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 07 CH 37098<br><br>Judge Sophia Hall |

## PLAINTIFFS' COMBINED RESPONSE TO DEFENDANT'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION IN *LIMINE*

Plaintiffs, SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, for their combined response to Defendant's Renewed Motion to Dismiss, Motion to Strike and Motion in *Limine*, state as follows:

I.     **INTRODUCTION**

Plaintiffs have filed an Amended Verified Complaint against the Defendant, Board of Education of Homewood School District #153 ("Board of Education," "Board," or "District 153"), seeking injunctive relief under the Constitutions of the United States and Illinois and pursuant to a petition for writ of *certiorari* and the Administrative Review Law. This case is about a six-year-old child, Sebastian F., who, in August 2007, started school as a first grader at Willow School in Homewood, Illinois and then in December 2007, was disenrolled by District 153 and prevented from going to his school. (Compl., ¶¶ 8, 33, 43).[1]

---

[1] "Compl." refers to Plaintiffs' Amended Verified Complaint for Declaratory and Injunctive Relief which was filed on December 28, 2007.

Sebastian F., whose parents, Sean F. and Jennifer F., are divorced, lives with his mother, Jennifer F., who is the "residential parent" under the order of court in the marriage dissolution action. (Compl., ¶ 10, Exhibit A). In August 2007, Jennifer F. and Sebastian F. moved from their home in Calumet City, Illinois, which was under a mortgage foreclosure, to the home of Jennifer's grandmother in Homewood, Illinois. (Compl., ¶¶16-17). Sebastian F., then began school at Willow School in Homewood until he was removed in December 2007. (Compl., ¶¶ 33, 43-44, 46). The removal was because of District 153's decision that he was not a resident. (Compl., ¶¶ 43-44, Exhibit F). District 153's decision was supposedly based on a so-called "hearing" held in November 2007 where Jennifer F. appeared before District 153's attorney, Joel DeTella, who said he was acting as the "hearing officer." At that time, DeTella, the alleged impartial hearing officer, questioned District 153 employees as to whether they thought Sebastian slept overnight at the grandmother's home in Homewood based on their alleged observations from their cars parked near the house on five mornings and questioned Jennifer F. (Compl., Exhibit D). Jennifer F. explained that she sometimes works at night and that on some of those nights Sebastian stays with this father, Sean F., in Beecher, Illinois as he is allowed parenting time under the marriage dissolution decree, or visits with Jennifer's mother who lives in Harvey, Illinois. (Compl., ¶¶ 26-31, Exhibit A, D). Not surprisingly, District 153's attorney, DeTella, (whose law firm, Hauser, Izzo, DeTella & Petrarca, LLC, is District 153's attorneys who are defending the instant case), recommended a finding to District 153 that Sebastian F. not be considered a Homewood resident. (Compl., Exhibit D).

The matter was taken before District 153's Board of Education, which met in December 2007 to decide the residency issue. (Compl., ¶¶ 43-44, Exhibit F). District 153's Board met with DeTella, who was there as District 153's attorney representing their interests, and with

Jennifer F. and Sean F. in a meeting that was tape recorded. (Compl., ¶ 43). The Board heard and received information from Jennifer F. and Sean F. and then had Jennifer F. and Sean F. leave the room and the Board heard from DeTella. Jennifer F. and Sean F. were brought back into the room with the District 153 Board and DeTella and were told that it was decided that Sebastian F. was not a resident of Homewood and was disenrolled from Willow School effective December 11, 2007. (Compl., ¶¶ 43-44, Exhibit F).

Subsequently, Jennifer F. and Sean F., who had been without counsel throughout the proceedings, retained counsel. When the Plaintiffs and counsel contacted District 153 to obtain a record of the proceedings, they were told to refer all issues to District 153's attorney, DeTella. (Compl., Exhibit H). Jennifer F. and Sean F. and their counsel then received only the transcript of the November meeting where Jennifer F. appeared before DeTella and his report as the alleged entire record of the proceedings. Plaintiffs and counsel requested a record of the information that Jennifer F. and Sean F. and others had stated before the Board in December, but that request was denied as they were told that the proceeding before the Board was a "closed session." Plaintiffs were not allowed to see what they allegedly said, what DeTella said, or any other information the Board considered in reaching its decision. Other than a "one-liner" from District 153's Superintendent reflecting the denial of Sebastian F.'s residency, Jennifer F. and Sean F. have not received any written articulation of District 153's decision or the basis for the decision. (Compl., Exhibit F).

Plaintiffs' Complaint demonstrates that they have been denied due process and that Sebastian F. is being deprived of a property interest (his education) that he is allowed under the United States and Illinois Constitutions. Plaintiffs are the victims of a grossly unfair hearing process involving a hearing officer, DeTella, who was District 153's attorney and who was

biased in favor of the school district. Nor have Plaintiffs been able to see and confront the full "record" that led to the Board's decision as the tape-recording of the proceedings before the Board is being withheld from them. The decision of District 153 is tainted and erroneous as any fair recitation of the facts demonstrates that Sebastian F. should be considered a *bona fide* resident of District 153 so as to allow him to continue there with his schooling. Sebastian F. is not in school at this time, despite Jennifer F.'s and Sean F.'s efforts.[2] Plaintiffs request a TRO to allow Sebastian to return to Willow School in District 153, Homewood, Illinois.

## II.     STANDARD OF REVIEW

The standard of review in examining a motion to dismiss or a motion to strike under 735 ILCS 5/2-615 is whether the allegations of a complaint, <u>when viewed in the light most favorable to the plaintiff</u>, are sufficient to state a cause of action. *Canel v. Topinka*, 212 Ill. 2d 311, 317 (2004). [Emphasis added]. In reviewing a motion under 735 ILCS 5/2-615, all well-pleaded facts and reasonable inferences therefrom are accepted as true. *LaSalle National Bank v. City of Highland Park*, 344 Ill. App. 3d 259, 270 ($2^d$ Dist. 2003)(citing *Jackson v. South Holland Dodge, Inc.*, 197 Ill. 2d 39, 44 (2001). A cause of action will not be dismissed unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. *Beahringer v. Page*, 204 Ill. 2d 363, 369, (2003). Courts are to construe pleadings liberally in order to do substantial justice between the parties. *Village of South Elgin v. Waste Management of Illinois, Inc.*, 348 Ill. App. 3d 929, 931 ($2^d$ Dist. 2004).

A motion in *limine*, on the other hand, is not directed at the pleadings but at the evidence and the admissibility of evidence is within the discretion of the trial court. *Beehn v. Eppard*, 321

---

[2] Beecher School District 200-U, where Sean F. resides, has told Sean F. that Sebastian F. cannot attend an elementary school there because he is not a resident of that district. (Compl., Exhibit G).

Ill. App. 3d 677, 680 (1st Dist. 2001). But, a court should opt in favor of receiving evidence and not grant a motion in *limine* unless it is clearly required. (*Id.*).

### III. THIS COURT'S SUBJECT MATTER JURISDICTION IS PROPER UNDER THE UNITED STATES AND ILLINOIS CONSTITUTIONS, A PETITION FOR WRIT OF CERTIORARI AND THE ADMINISTRATIVE REVIEW LAW

#### A. United States and Illinois Constitutions

This Court has subject matter jurisdiction under the United States and Illinois Constitutions to hear this matter as Sebastian F. has a property right to a public education under the Constitutions. According to the Fourteenth Amendment to the Constitution of the United States, states are specifically forbidden from depriving any person of "life, liberty, or property, without due process of law". U.S. Const. Amend. XIV. In fact, the United States Supreme Court found that "the State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause." *Goss v. Lopez*, 419 U.S. 565, 574 (1975).

The Constitution of the State of Illinois also obligates the State of Illinois to "provide for an efficient system of high quality educational institutions and services." Ill. Const. 1970, Art. X, §1. Furthermore, the Illinois Constitution guarantees a tuition-free education in all Illinois public schools from elementary through the secondary level. Ill. Const. 1970, Art. X, § 1. The Illinois School Code provides that local school boards must establish free schools through the secondary level to accommodate "all persons" of their districts between the ages of 5 and 21 years of age. 105 ILCS 5/10-20.12.

The court in *Joel R. v. Board of Education of Mannheim School District 83*, 292 Ill. App. 3d 607 (1st Dist. 1997), cited to these provisions in the Illinois Constitution and Illinois School Code when it determined that the plaintiff, Joel R., was a *bona fide* resident of the defendant

school district. In fact, the trial court in *Joel R.*, did exactly what Plaintiffs are asking this Court to do. Namely, the *Joel R.* court allowed the plaintiff's complaint seeking injunctive relief in the form of an order directing the defendant school district to enroll Joel R. in its schools as a resident and on a tuition-free basis. (*Id.* at 610). The trial court did, in fact, enter preliminary and permanent injunctive relief under the Illinois Constitution and Illinois residency laws against the defendant school district as it concluded that Joel R. was a *bona fide* resident of the defendant school district. (*Id.* at 611, 615).

Similarly, in *Kraut v. Rachford*, 51 Ill. App. 3d 206, 209 (1st Dist. 1977), the court examined whether the plaintiff's due process rights had been violated when he was dropped from enrollment in the defendant school district. The court referred to the U.S. Constitution and the Illinois School Code provisions and stated that the plaintiff had an interest in "attending a school on a tuition-free basis and that the retention of such a benefit is protected by the requirements of due process of law." (*Id.* at 213). The court concluded this interest was deprived as the defendant school district improperly denied him access to their school. (*Id.*). Such is the case in this matter. Sebastian F. has been denied the opportunity to attend a school located within the district of his residential parent on a tuition-free basis.

**B.     Petition For Writ of *Certiorari***

This Court also has subject matter jurisdiction under a petition for writ of *certiorari*. The common law writ of *certiorari* was developed to provide a means whereby a petitioner who was without avenue of appeal or direct review could obtain review over action by a court or other tribunal exercising quasi-judicial functions. *People ex. rel. Loomis and Bronson v. Wilkinson*, 13 Ill. 660 (1852). *Certiorari* continues to be an appropriate method for review of many administrative decisions. *Quinlan and Tyson, Inc. v. City of Evanston*, 25 Ill. App. 3d 879, 883

6

(1st Dist. 1975). The December 10, 2007 Board decision regarding the residency of Sebastian F. was a quasi-judicial or judicial proceeding.

In fact, the common law writ of *certiorari* has been utilized in other Illinois residency appeals from administrative decisions. For example, in *Mina v. Board of Education for Homewood-Flossmoor*, 348 Ill. App. 3d 264 (1st Dist. 2004), the plaintiff was permitted to an appeal of a residency decision as a petition for writ of *certiorari*. Plaintiff also pursued injunctive relief seeking reversal of the defendant's decision to disenroll her nephew and alleged a violation of due process.

Furthermore, according to the pleadings filed in *Rowell v. Board of Education of School District 161 et. al.*, 1999 WL 33895079 (1st Dist. 1999), the plaintiff, parent of the minor child, was allowed to bring a complaint for a writ of *certiorari* in the Circuit Court of Cook County. The trial court also held an evidentiary hearing on the petition for writ of *certiorari*.

C. **Administrative Review Law**

Additionally, this Court has subject matter jurisdiction under the Administrative Review Law. Illinois circuit courts have applied the Administrative Review Law to appeals from administrative hearings held regarding a student's residency. As the court recognized in *Mina v. Board of Education for Homewood-Flossmoor*, 348 Ill. App. 3d 264 (1st Dist. 2004), it is "well-established that under the Administrative Review Law, we review the final decision of the administrative agency." (*Id.* at 272).

Defendant cites to *Carver v. Nall*, 186 Ill. 2d 554 (1999) in arguing that there is no right to a court appeal from the administrative decision. The *Carver* case can be distinguished from this matter as it involved a deputy sheriff who was seeking judicial review of a decision of the

7

county sheriff's merit commission and did not involve the right to a public education guaranteed by the Illinois Constitution and Illinois School Code.

## IV. PLAINTIFFS ARE ENTITLED TO SEEK INJUNCTIVE RELIEF, INCLUDING A TEMPORARY RESTRAINING ORDER

This Court has the authority to grant Plaintiffs the injunctive relief they seek, including a temporary restraining order. In *Joel R. v. Board of Education of Mannheim School District 83*, 292 Ill. App. 3d 607 (1st Dist. 1997), the plaintiff's aunt filed a complaint for injunctive relief requesting that the court order the defendant school district to enroll the plaintiff in its schools as a resident of the district. On October 29, 1996, the circuit court entered a ten-day temporary restraining order which allowed the plaintiff to immediately enroll in the defendant school district's middle school. On November 7-8, 1996, the circuit court held a <u>full evidentiary hearing</u> and, later, issued a preliminary injunction. This evidentiary hearing was held despite a residency hearing having occurred at the administrative level. On November 27, 1996, the circuit court converted the preliminary injunction into a permanent injunction. (*Id.* at 610). On appeal, the appellate court affirmed the circuit court's actions and holding.

In *Kraut v. Rachford*, 51 Ill. App. 3d 206 (1st Dist. 1977), the plaintiff alleged a denial of due process and sought injunctive relief and damages (actual and punitive) from the defendant school district when he was dropped from enrollment at his high school. The circuit court granted the request for injunctive relief and ordered that the plaintiff be enrolled as a tuition-free student at Homewood-Flossmoor High School. *Id. at 209*. On appeal, the court affirmed the trial court's holding that the plaintiff was a resident of the district and was entitled to attend high school on a tuition-free basis.

Defendant relies upon *Illinois Federation of Teachers v. Board of Trustees, Teachers' Retirement System*, 191 Ill. App.3d 769 (4th Dist. 1989) which involved a teachers' federation

8

filing a complaint to prevent a retirement system from collecting fund contributions. The case reflected that preliminary injunctions can be used as an "extraordinary remedy," which is applicable in situations where "extreme emergencies exist and serious harm would result in absence of an injunction." *Id. at 774*. Such a situation exists in this matter case as a six-year-old boy is being denied his constitutional right to a free public education.

Defendant cites *Marozas v. Board of Fire and Police Commissioners of the City of Burbank*, 222 Ill. App. 3d 781 (1st Dist. 1991) and *Alicea v. Synder*, 321 Ill. App. 3d 248 (4th Dist. 2001). Both cases involve inmates who were bringing actions seeking declarations that the disciplinary measures imposed on them during prison disciplinary hearings were invalid and have nothing to do with the present issues.

Injunctive relief, including a temporary restraining order, is the appropriate remedy to grant the Plaintiffs. Jennifer F. is the residential parent of Sebastian F. as set forth in the Judgment for Dissolution of Marriage. Sebastian F. and Jennifer F. lawfully relocated to Homewood, Illinois in August 2007 prior to the start of the school year. Jennifer F. properly enrolled Sebastian F. in first grade at Willow School where he attended school until District 153 wrongfully disenrolled him on December 11, 2007.

The person District 153 appointed to be the impartial hearing officer on the residency issue was its own attorney, who obviously was not impartial. Administrative hearings are governed by fundamental principles and requirements of due process. *Sangirardi v. Village of Stickney*, 342 Ill. App. 3d 1, 11 (1st Dist. 2003). In all administrative hearings, due process requires an impartial tribunal. *Collura v. Board of Police Commissioners*, 113 Ill. 2d 361, 369 (1986).

Furthermore, District 153 has continued to play "hide and seek" with its record of the proceedings. Despite the fact that Jennifer F. and Sean F. appeared before the Board and provided information regarding Sebastian F.'s residency, attempted to provide the Board with a copy of the Judgment of Dissolution of Marriage, explained how often Sebastian F. stays with Sean F. during the week, explained the situation with Beecher School District 200-U and answered any and all questions asked by the Board members, District 153 refuses to acknowledge the Board proceeding as part of the record. DeTella himself, in his recommendation to the board, reflected that it is the Board's decision that is allegedly binding and not his report or recommendations. (Compl., Exhibit D). The full information the Board relied on in determining Sebastian F.'s residency is being hidden from the Plaintiffs and their attorneys in an attempt to limit and minimize the record before this Court.

Plaintiffs are not limited to what District 153 defines as the administrative record. As in *Joel R. v. Board of Education of Mannheim School District 83,* 292 Ill. App. 3d 607 (1st Dist. 1997), Plaintiffs are claiming a constitutional violation, and, as in *Joel R.*, are entitled to an evidentiary hearing during which they can introduce facts to show the constitutional violations.

Defendant erroneously cites to *Lake County Contractors Association v. Illinois Pollution Control Board*, 6 Ill. App.3d 762 (2$^{d}$ Dist. 1972). The *Lake County* case involved contractors and home builders associations who sought to appeal from the order of a Pollution Control Board. The court found that because the contractors and home builders associations were not parties to the original proceedings out of which the order arose, they had no right to judicial review. In this matter, it is clear that the Plaintiffs were original parties and should be afforded judicial review.

Defendant also cites to *Lapp v. Village of Winnetka*, 359 Ill. App. 3d 152 (1st Dist. 2005), *Norton v. Nicholson*, 187 Ill. App. 3d 1046 (1st Dist. 1989), and *Hartley v. Will County Board of Review*, 106 Ill. App. 3d 950 (3rd Dist. 1982) to argue that this Court may not receive evidence outside of what District 153 deems to be the record. However, none of the three cases cited involves a situation where a temporary restraining order or a preliminary injunction was at issue. In addition, at no time during any of the three cited cases was any evidence withheld from the reviewing courts as part of the administrative record, as is being done in this case.

Defendant erroneously claims the Open Meetings Act protects the December 10, 2007 audio recording of the Board meeting. In reality, the Board violated the Open Meetings Act when it held an improperly closed session regarding the residency matter of Sebastian F.

Pursuant to 5 ILCS 120/2(a) of the Open Meetings Act, "all meetings of public bodies shall be open to the public unless excepted in subsection (c) and closed in accordance with Section 2a." Subsection (c) provides twenty-four (24) exceptions to the requirement that a meeting of a public body be open. The Board's December 10, 2007 executive session did not fall under any of the 24 exceptions. The minutes of the Board's meeting simply state that the Board voted to move into executive session to "discuss student residency." The minutes do not state that the Board's executive meeting was designed to obtain evidence from Sean F. and Jennifer F. regarding the *bona fide* residency of Sebastian F. The attendance of both Sean F. and Jennifer F. at the session of the Board further indicates that the Board did not conduct a closed meeting pursuant to the Open Meetings Act. Because the session of the Board was not a properly closed session, the audio recording of the testimony and evidence obtained from Sean F. and Jennifer F. is discoverable.

Defendant erroneously relies on *Tumas v. Board of Educ. of Lyons Tp. High School Dist. No. 204*, 2007 WL 2228695 (N.D.Ill. 2007), to support its position the audio recording is protected by the Open Meetings Act. In *Tumas*, the plaintiff was a former employee of the defendant school district. The defendant met in closed session to discuss "its litigation strategy with respect to Plaintiff's claims" after the plaintiff had filed a number of claims in federal court. (*Id.* at 1). The plaintiff was not present during the closed session. As previously stated, both Sean F. and Jennifer F. were present during the Board's session and presented evidence which should have been considered.

## V.   ATTORNEYS' FEES

Attorney's fees can be awarded where a constitutional deprivation has occurred. In this matter, Plaintiffs have alleged a violation of Sebastian F.'s due process rights under the U.S. and Illinois Constitutions. Furthermore, pursuant to 42 USC § 1988(b), the court may allow the prevailing party in a civil rights case reasonable attorney's fees as part of the costs.

Defendant refers to *Quick & Reilly, Inc. v. Zielinski*, 306 Ill. App. 3d 93 (1st Dist. 1999). In the *Quick & Reilly* case, the parties were appealing an arbitration decision. One of the reasons why the appellate court denied an award of attorneys' fees was that the arbitrators "exceeded their authority" in assessing attorneys' fees because during the underlying arbitration hearing, both parties agreed that the arbitrator did not have the authority to grant attorneys' fees. In the instant case, which alleges a deprivation of Constitutional rights, this Court has the right to award attorneys' fees.

## VI. CONCLUSION

Defendant's Motion to Dismiss, Motion to Strike and Motion in *Limine* should be denied.

DATED: January 8, 2008

SEAN F. and JENNIFER F., individually and as next friends of SEBASTIAN F., a minor, Plaintiffs

By: _____
One of Their Attorneys

Jennifer L. Hansen, Atty. No. 6271638
Neal E. Takiff, Atty. No. 6256990
Whitted, Cleary & Takiff, LLC
3000 Dundee Road
Suite 303
Northbrook, Illinois 60062
Firm I.D. No. 38069
Telephone: (847) 564-8662
Facsimile: (847) 564-8419
jhansen@wct-law.com
ntakiff@wct-law.com

Jack J. Carriglio, Atty. No. 0400254
Meckler, Bulger, & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
Firm I.D. No. 37134
Telephone: (312) 474-7900
Facsimile: (312) 474-7898
jack.carriglio@mbtlaw.com